UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:19-CV-80008-ROSENBERG/REINHART

MICHAEL D. ARRINGTON,

    Plaintiff,

v.

SHERRY GREEN, *et al.*,

    Defendants.
_____/

### ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, DISMISSING COMPLAINT WITH PREJUDICE, AND CLOSING CASE

**I.    PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* IS GRANTED.**

**THIS MATTER** is before the Court on Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("IFP") [DE 3]. The Court has reviewed the IFP Motion and is otherwise fully advised in the premises. For the reasons set forth below, Plaintiff's IFP Motion is **GRANTED**.

A district court may authorize the commencement of a civil action without prepayment of fees or the giving of security if the plaintiff has filed an affidavit indicating that he is unable to pay such fees or give such security. *See* 28 U.S.C. § 1915(a)(1).[1] A court has wide discretion in determining whether to grant or deny an IFP motion. *Martinez*, 364 F.3d at 1306. Section

---

[1] Section 1915(a)(1) provides as follows:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

1915(a) "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The only determination to be made by a court when considering a motion under § 1915(a) is whether the statements in the affidavit satisfy the requirement of poverty. *Martinez*, 364 F.3d at 1307. "An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is absolutely destitute to qualify for indigent status under § 1915." *Id.* (quotation marks omitted). "Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*

Here, Plaintiff's IFP Motion includes a declaration that his monthly income is $1,420. DE 3 at 1. He declares that he has $375 in a checking or savings account, that he has no assets, and that he has $3,2000 in debt. *Id.* at 2. Finally, he declares that his average monthly expenses total $1,010. *Id.*

Plaintiff's IFP Motion demonstrates that, due to his financial circumstances, he "is unable to pay for the court fees and costs, and to support and provide necessities for himself." *See Martinez*, 364 F.3d at 1307. His IFP Motion is sufficient to show that he is eligible to proceed IFP. For these reasons, Plaintiff's IFP Motion is granted.

**II.     PLAINTIFF'S COMPLAINT IS DISMISSED WITH PREJUDICE.**

Because Plaintiff is proceeding IFP in this case, the Complaint is subject to screening by the Court. *See* 28 U.S.C. § 1915(e)(2). Plaintiff filed the Complaint against Sherry Green, Senator Philip D. Lewis Resource Center, The Reserve at Lakeside, Rapid Auto Loan, and an unidentified police officer, police department, repo man, and recovery agency for conspiracy and various violations of Florida law resulting from alleged unlawful entry into his apartment on

November 19, 2013, repossession of his vehicle on November 26, 2013, and his eviction in December 2013.  *See* DE 1.

Plaintiff filed a similar Complaint in this district against Sherry Green, Senator Philip D. Lewis Resource Center, The Reserve at Lakeside, Rapid Auto Loan, and an unidentified police officer, repo man, recovery agency, and security company in November 2017.  *See* Case No. 9:17-cv-81275-WPD.  In that action, Plaintiff alleged a Fourth Amendment violation, conspiracy, and various violations of Florida law resulting from alleged unlawful entry into his apartment on November 19, 2013, repossession of his vehicle on November 26, 2013, and his eviction in December 2013.  *See id.* at DE 1.  A Judge of this Court dismissed the case with prejudice and entered final judgment after giving Plaintiff an opportunity to amend the Complaint, reasoning that the Complaint and the Amended Complaint were shotgun pleadings.  *See id.* at DE 4, 10, 11.  Plaintiff appealed, and United States District Court of Appeal for the Eleventh Circuit affirmed, concluding that the District Court did not err by dismissing the Amended Complaint as an impermissible shotgun pleading.  *See id.* at DE 14, 22.

Returning to the instant proceeding, Plaintiff acknowledges in the Complaint that this action previously was dismissed and that the dismissal was affirmed.  DE 1 at 2.  A complaint may be dismissed upon screening if an affirmative defense appears on the face of the complaint.  *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).  *Res judicata* is an affirmative defense. Fed. R. Civ. P. 8(c)(1).

*Res judicata* bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the parties.  *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013).  Application of *res judicata* requires four elements: (1) the prior decision must have been rendered by a court of competent jurisdiction, (2) there must have been

a final judgment on the merits, (3) both cases must involve the same parties or their privies, and (4) both cases must involve the same causes of action. *Id.*

The Court concludes that each of these four elements is met here. The dismissal with prejudice of Plaintiff's prior case was by a court of competent jurisdiction and was a final judgment on the merits. *See* Fed. R. Civ. P. 41(b) (stating that an involuntary dismissal with prejudice operates as an adjudication on the merits); *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990) (stating that "dismissal of a complaint with prejudice satisfies the requirement that there be a final judgment on the merits").

All but one of the current defendants—the unidentified police department—were parties in the prior case. As Plaintiff's only claim against the unidentified police department is vicarious liability for the actions of the unidentified police officer, the unidentified police department and police officer are in privity for the purpose of *res judicata*. *See* DE 1 at 21-22; *see also Citibank*, 904 F.2d at 1502-03 (concluding that privity is met where the parties are in an employer-employee or principal-agent relationship and applying *res judicata* to a claim brought against a bank under a theories of respondeat superior and vicarious liability).

Finally, both cases involve the same cause of action. "A cause of action is the same for *res judicata* purposes if it arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action." *Lobo*, 704 F.3d at 893 (quotation marks omitted). *Res judicata* "applies not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the same nucleus of operative fact." *Id.* (quotation marks omitted). Although Plaintiff advances some state law legal theories that are different than the state law legal theories that he advanced in the prior case, all of the theories arise from identical operative facts, specifically the alleged unlawful entry into his apartment on November 19, 2013, repossession of his vehicle on November 26, 2013, and his eviction in December 2013.

Consequently, the Court concludes that *res judicata* bars Plaintiff from raising the claims in the Complaint at issue and that the Complaint must be dismissed. In addition, the Court concludes that permitting Plaintiff an opportunity to amend the Complaint would be futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (explaining that a plaintiff generally must be given an opportunity to amend a complaint when a more carefully drafted complaint might state a claim for relief, but need not be given such an opportunity when amendment would be futile). As a result, the Complaint is dismissed with prejudice.

For the foregoing reasons, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [DE 3] is **GRANTED**.
2. Plaintiff's Complaint [DE 1] is **DISMISSED WITH PREJUDICE**.
3. The Clerk of the Court is instructed to **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 15th day of January, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record
Clerk of Court